080254.137(207)                          RMC:lab

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DES MOINES DIVISION**

| | |
|---|---|
| **UNITED EDUCATORS INSURANCE, a** | ) |
| **Reciprocal Risk Retention Group,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNITED FIRE & CASUALTY COMPANY,** | ) |
| **an Iowa corporation, and EMPLOYERS** | ) |
| **MUTUAL CASUALTY COMPANY, an** | ) |
| **Iowa corporation,** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Now comes the Plaintiff, United Educators Insurance, a Reciprocal Risk Retention

Group, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its

Complaint for Declaratory Judgment against the Defendants, United Fire & Casualty

Company and Employers Mutual Casualty Company, alleges the following:

**JURISDICTION**

1.      The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 as there is

complete diversity of citizenship between the parties and the amount in controversy

exceeds the sum of $75,000 exclusive of interest and costs in this action seeking a

declaration of insurance coverage.

**VENUE**

2.      Venue is premised upon 28 U.S.C. § 1391 as one of the Defendants is a resident of this District, both Defendants do substantial business in this District, and the transaction or occurrence forming the basis of this action occurred in this District.

**THE PARTIES**

3.      United Educators Insurance ("UE") is incorporated in Vermont, maintains its principal place of business in Maryland, and at all times herein relevant was licensed to and which did transact insurance business in the State of Iowa and elsewhere.

4.      United Fire & Casualty Company ("United Fire") is an Iowa insurance company which is incorporated in Iowa and which maintains its principal place of business in Iowa, and which at all times herein relevant was licensed to and which did transact insurance in the State of Iowa and elsewhere.

5.      Employers Mutual Casualty Company ("EMC") is an Iowa company which is incorporated in Iowa and maintains its principal place of business in Iowa, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Iowa and elsewhere.

**THE UE POLICIES**

6.      UE issued its policy of insurance numbered CGL201500036400 to Drake University ("Drake") as named insured. The policy provided for Commercial General Liability Insurance for the effective period of July 1, 2015 to July 1, 2016. A true and correct copy of the UE policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

7.    UE issued its policy of insurance numbered GLX201500036400 to Drake as named insured. The policy provided for Excess Liability Insurance for the effective period of July 1, 2015 to July 1, 2016. A true and correct copy of the UE excess policy is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

### THE UNITED FIRE POLICIES

8.    United Fire issued its policy of insurance numbered 60467001 to C. Green Contractor, Inc. ("C. Green") as named insured. The policy provided for Commercial General Liability Insurance for the effective period of September 24, 2015 to September 24, 2016. What is believed to be a true and correct copy of the United Fire policy is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

9.    United Fire issued its policy of insurance numbered 60467001 to C. Green as named insured. The policy provided for Commercial Liability Umbrella Insurance for the effective period of September 24, 2015 to September 24, 2016. What is believed to be a true and correct copy of the aforesaid policy is attached hereto, made a part hereof and is marked as Pleading Exhibit D.

### THE EMC POLICY

10.    EMC issued its policy of insurance numbered 1Z21127-16 to The Waldinger Corporation ("Waldinger") as named insured. The policy provided for Commercial General Liability Insurance for the effective period of January 1, 2016 to January 1, 2017. What is believed to be a true and correct copy of the EMC policy is attached hereto, made a part hereof and is marked as Pleading Exhibit E.

## CERTIFICATES OF INSURANCE

11.     An authorized representative of United Fire issued to Drake a Certificate of Liability Insurance numbered 605942016 dated October 9, 2015 identifying United Fire policies numbered 60467001, Pleading Exhibits B and C, and identifying Drake as an additional insured. A true and correct copy of the aforesaid Certificate is attached hereto, made a part hereof and is marked as Pleading Exhibit F.

12.     An authorized representative of EMC issued to Drake a Certificate of Liability Insurance numbered 45797016 dated December 30, 2015 identifying EMC policy numbered 1Z21127, Pleading Exhibit E, and identifying Drake as an additional insured. A true and correct copy of the aforesaid Certificate is attached hereto, made a part hereof and is marked as Pleading Exhibit G.

## THE CONTRACTS

13.     Waldinger entered a Subcontract Agreement with C. Green for certain work at Drake involving switchgear replacement. A true and correct copy of the Subcontract Agreement is attached hereto, made a part hereof and is marked as Pleading Exhibit H.

14.     In the Subcontract Agreement, C. Green agreed with Waldinger, among other things, to name Waldinger "and any other person or entity required by the Contract, as an Additional Insured." The reference to the "Contract" is a reference to the "Prime Contract and the General and Special Conditions" thereof between Drake and Waldinger as more fully stated in the Subcontract Agreement, Pleading Exhibit H.

15.     Pursuant to its contract with Drake, Waldinger issued certain Supplementary Conditions on or about August 8, 2015 which, in connection with insurance for Drake, provided, in part, as follows:

>   SC-5.04  Add the following new paragraph to the General Conditions immediately after Paragraph 5.04.B:
>
>   C.     The limits of liability for the insurance required by Paragraph 5.04 of the General Conditions shall provide coverage for not less than the following amounts or greater where required by Laws and Regulations.
>
>                    *    *    *    *    *
>
>   2.     Commercial General Liability under Paragraphs 5.04.A.3 through 5.04.A.5 of the General Conditions which shall include completed operations and product liability coverages and eliminate the exclusion with respect to property under care, custody and control of Contractor:
>
>   >   a.     Each Occurrence                          $1,000,000
>   >          Annual Aggregate
>   >          (on a per project basis)                 $3,000,000
>   >
>   >   b.     Excess or Umbrella Liability (can be used to meet general liability limits)
>   >
>   >   >   1)   Each Occurrence                         $2,000,000
>   >   >   2)   General Aggregate                       $3,000,000
>
>                    *    *    *    *    *
>
>   4.     All policies must name the following as additional insured, in accordance with Paragraph 5.04.B.1 of the General Conditions. The actual policy Additional Insured Endorsement must be furnished to Drake in addition to the certificate of insurance prior to the beginning of work.

a.  Drake University (Owner) and its Board of Trustees, officers, employees, agents, and volunteers

b.  P & E Engineering Co. (Engineer)

5.  The insured shall provide in writing no less than 30-days' notice of policy cancellation. The actual Notice of Policy Cancellation endorsement must be furnished to Drake in addition to the certificate of insurance.

6.  All coverage is primary and non-contributing.

7.  All coverage shall be written by Insurance companies that are licensed to operate in the State of Iowa and have an AM Best rating of A-VII or higher.

8.  The description of operations box on Certificate can be specified as "any and all jobs contracted to Drake University" or can name each individual project.

A true and correct copy of the Supplementary Conditions is attached hereto, made a part hereof and is marked as Pleading Exhibit I.

16.  The Standard General Conditions of Construction Contract between Drake and Waldinger required, among other things, for Waldinger to provide insurance for Drake as subsequently modified by the Supplementary Conditions in ¶ 15 hereof, as follows:

5.04  *Contractors' Liability Insurance*

A.  Contractor shall purchase and maintain such liability and other insurance as is appropriate for the Work being performed and as will provide protection from claims set forth below which may arise out of or result from Contractor's performance of the Work and Contractor's other obligations under the Contract Documents, whether it is to be performed by Contractor, any Subcontractor or Supplier, or by anyone directly or indirectly employed by any of them to perform any of

6

the Work, or by anyone for whose acts any of them may be liable:

\* \* \* \* \*

3. claims for damages because of bodily injury, sickness or disease, or death of any person other than Contractor's employees;

\* \* \* \* \*

B. The policies of insurance required by this Paragraph 5.04 shall:

1. with respect to insurance required by Paragraphs 5.04.A.3 through 5.04.A.6 inclusive, include as additional insured (subject to any customary exclusion regarding professional liability) Owner and Engineer, and any other individuals or entities identified in the Supplementary Conditions, all of whom shall be listed as additional insureds, and include coverage for the respective officers, directors, partners, employees, agents, consultants and subcontractors of each and any of all such additional insureds, and the insurance afforded to these additional insureds shall provide primary coverage for all claims covered thereby;

2. include at least the specific coverages and be written for not less than the limits of liability provided in the Supplementary Conditions or required by Laws or Regulations, whichever is greater;

3. include completed operations insurance;

4. include contractual liability insurance covering Contractor's indemnity obligations under Paragraphs 6.11 and 6.20;

5. contain a provision or endorsement that the coverage afforded will not be canceled,

7

materially changed or renewed refused until at
least 30 days prior written notice has been given
to Owner and Contractor and to each other
additional insured identified in the
Supplementary Conditions to whom a certificate
of insurance has been issued (and the certificates
of insurance furnished by the Contractor
pursuant to Paragraph 5.03 will so provide);

A true and correct copy of the Standard General Conditions of Construction Contract are

attached hereto, made a part hereof and are marked as Pleading Exhibit J.

## THE UNDERLYING LITIGATION

17.    Adam Green ("Green") filed a Petition at Law against Drake, Waldinger and

others in the Iowa District Court in and for Polk County, Iowa, under Cause No.

LACL 140171. A true and correct copy of the aforesaid Petition is attached hereto, made a

part hereof and is marked as Pleading Exhibit K.

18.    Green seeks damages from Drake and others for personal injuries and

damages sustained on or about February 17, 2016 while working on a power systems

project jobsite at Drake, all of which more fully appears in his Petition, Pleading Exhibit K.

## PROVISIONS OF THE UE PRIMARY POLICY

19.    The UE primary policy, Pleading Exhibit A, provides in part, as follows:

### INSURING AGREEMENT

1.    **We** will pay on behalf of the **Insureds** all **Damages** up
to the **Limit of Liability** resulting from an **Occurrence**
anywhere to which this insurance applies. In addition,
**we** will pay certain supplemental amounts as **Medical
Payments Expense**. This Policy is subject to a
**Deductible**, if applicable.

\*    \*    \*    \*    \*

8

**DEFENSE AND SETTLEMENT**

6.       **We** have the right and duty to appoint counsel and to defend lawsuits covered by this Policy even if groundless, false, or fraudulent and at **our** option to investigate and settle any **Claim**. For any **Occurrence** or **Claim** reported to **us** according to Paragraph 11 of this Policy, the **Insureds** must cooperate with **us** and any claims administrator we designate in the investigation, defense or settlement of **Claims**.

7.       **We** will pay in addition to the **Limit of Liability**, but always subject to the **Deductible**, if applicable, all reasonable **Defense Costs** incurred by **us** or by the **Insureds** with **our** prior consent (which **we** will not unreasonably withhold or delay).

20.       The UE primary policy in an endorsement for "other insurance" provides that it is excess over other insurance including such insurance naming Drake as an additional insured as follows:

**OTHER INSURANCE**
**(Scheduled Contracts)**

In consideration of the premium charged and subject to all other provisions of this Policy, **we** agree with the **Educational Organization** that Paragraph 25. of this Policy is amended to read:

25.       This Policy is a primary Policy of insurance. However, this Policy shall be excess over any other valid and collectable primary insurance that applies to an **Occurrence** covered by this Policy, including such insurance naming the **Insured** as an "additional insured" and, with respect to the limited coverage provided by paragraphs 10.e (1) and 10.m.(1)(b), any domestic or foreign **Automobile** liability insurance policy, and nothing in this Policy shall be construed to require this Policy to contribute with, or subject this Policy to the terms, conditions or limits of, such other insurance.

In addition, this Policy shall always be excess over any other insurance that names any **Insured** as an "additional insured."

a.   if such insurance is also written on an excess basis, **we** agree with the **Insured** that this Policy is excess over such insurance; and,

b.   **we** shall not share in paying **Loss** with that other insurance on any basis including but not limited to the ratio of the **Limit of Liability** of this Policy and the limit of liability of the policy providing "additional insured" coverage.

### PROVISIONS OF THE UE EXCESS POLICY

21.   The UE excess policy, Pleading Exhibit B, provides, in part, as follows:

### INSURING AGREEMENT

1.   **We** will pay on behalf of the **Insureds** that portion of the **Ultimate Net Loss** which is in excess of the **Underlying Limit Retention** amount up to the **Limit of Liability** of the Policy resulting from an **Occurrence** anywhere to which this insurance applies. This Policy applies excess of any **Underlying Insurance**.

\* \* \* \* \*

### DEFENSE AND SETTLEMENT

6.   **We** will pay **Damages** on behalf of an **Insured** as soon as practicable after

a.   the **Insured's** liability has been established by judgment after actual trial or by written agreement to which **we** have consented; and

b.   it has been determined that the **Ultimate Net Loss** as a result of the **Occurrence** in question exceeds the **Underlying Limit Retention** amount.

7.      **We** have no duty to defend any **Insured** and **we** shall not be called upon to assume charge of the investigation, settlement or defense of any suit brought or legal proceedings instituted against any **Insured**, but **we** shall have the right and be given the opportunity, to be associated at **our** own expense with the **Insured** or the **Insured's** underlying insurers, or both, in the defense and control of **Claims**, or the trial of any suits or other legal proceedings, relative to any **Occurrence** that, in **our** opinion, may create liability for **us** under the terms of this Policy, in which event the **Insured** shall fully cooperate with **us** in the defense of that **Claim**. For any **Occurrence** or **Claim** reported to **us** according to paragraph 12 of this Policy, the **Insureds** must cooperate with **us** and with any claims administrator **we** designate in the investigation, defense or settlement of **Claims**.

22.      The UE excess policy provides that it is excess to any insurance that names Drake as additional insured. Specifically, the policy provides in its Condition No. 26 other insurance as follows:

## OTHER INSURANCE

26.      This Policy shall at all times be excess over the greater of the **Underlying Limit Retention** amount, or the amount of any other insurance available to the **Insured** covering an **Occurrence** covered by this Policy (other than insurance that is expressly and specifically excess of the limits of this Policy and nothing in this Policy or in any other policy shall be construed to require this Policy to contribute with, or subject this Policy to the terms, conditions or limits of, such other insurance.

In addition, this Policy shall always be excess over any other insurance that names any **Insured** as an "additional insured."

a.      if such insurance is also written on an excess basis, **we** agree with the **Insured** that this Policy is excess over such insurance; and

b.    **we** shall not share in paying **Ultimate Net Loss** with that other insurance on any basis including but not limited to the ratio of the **Limit of Liability** of this Policy and the limit of liability of the policy providing "additional insured" coverage.

### PROVISIONS OF THE UNITED FIRE PRIMARY POLICY

23.    United Fire in its primary policy issued to C. Green, Pleading Exhibit C, in its additional insured endorsement provides, in part, as follows:

### ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS FOR OTHER PARTIES WHEN REQUIRED IN WRITTEN CONSTRUCTION AGREEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE PART INCLUDED:

A.    **Section II – Who Is An Insured** is amended to include as an additional insured:

1.    Any person or organization for whom **you** are performing operations when **you** and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on **your** policy; and

2.    Any other person or organization **you** are required to add as an additional insured under the contract or agreement described in Paragraph **1**. above.

Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" which may be imputed to that person(s) or organization(s) directly arising out of:

**a.** Your acts or omissions; or

**b.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

However, the insurance afforded to such additional insured described above:

**a.** Only applies to the extent permitted by law; and

**b.** Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for the person or organization described in Paragraph **1**. above are completed.

In addition, United Fire in another endorsement agreed to provide an additional insured primary and noncontributory insurance as follows:

**PRIMARY AND NONCONTRIBUTORY –
OTHER INSURANCE CONDITION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTIONS/COMPLETED OPERATIONS LIABILITY
COVERAGE PART
COMMERCIAL UMBRELLA COVERAGE PART

The following is added to the **Other Insurance** Condition and supersedes any provision to the contrary:

**Primary And Noncontributory Insurance**

This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:

**(1)** The additional insured is a Named Insured under such other insurance;

**(2)** You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured;

**(3)** The additional insured gives us prompt written notice of any "occurrence" which may result in a claim and prompt written notice of "suit";

**(4)** The additional insured immediately forwards all legal papers to us, cooperates in the investigation or settlement of the claim or defense again the "suit", and otherwise complies with policy conditions.

**(5)** The additional insured must tender the defense and indemnity of any claim or "suit" to any other insurer which also insures against a loss we cover under this policy. This includes, but is not limited to, any insurer which has issued a policy of insurance in which the additional insured qualifies as an insured. For the purpose of this requirement, the term "insures against" refers to any self-insurance and to any insurer which issued a policy of insurance that may provide coverage for the loss, regardless of whether the additional insured has actually requested that the insurer provide the additional insured with a defense and/or indemnity under that policy of insurance.

**(6)** The additional insured agrees to make available any other insurance that the additional insured has for a loss we cover under this policy.

**PROVISIONS OF THE UNITED FIRE UMBRELLA POLICY**

24.    United Fire in its umbrella liability policy, Pleading Exhibit D, defines an insured to include any additional insured under its primary policy. The umbrella policy provides, in part, as follows:

**SECTION II – WHO IS AN INSURED**

\*   \*   \*   \*   \*

**b.**      Each of the following is also an insured:

\*   \*   \*   \*   \*

**3.**      Any additional insured under any policy of "underlying insurance" will automatically be an insured under this insurance.

Subject to Section **III** – Limits Of Insurance, if coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

a.      Required by the contract or agreement, less any amounts payable by any "underlying insurance"; or

b.      Available under the applicable Limits of Insurance shown in the Declarations;

whichever is less.

Additional insured coverage provided by this insurance will not be boarded than coverage provided by the "underlying insurance".

In addition, the United Fire umbrella policy was endorsed with the same endorsement set forth in ¶ 23 hereof, namely, Form IL 71 05 10 14, and United Fire may not seek contribution from any other insurance available to an additional insured.

**PROVISIONS OF THE EMC POLICY**

25.     EMC in its policy issued to Waldinger, Pleading Exhibit E, agreed in an additional insured endorsement to provide primary and noncontributory insurance to an additional insured as follows:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REUQIRED IN A WRITTEN CONSTRUCTION CONTRACT – PRIMARY AND NONCONTRIBUTORY**

This endorsement modifies the insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

A.     **Section II – Who Is An Insured** is amended to include as an additional insured:

    **1.**     Any person or organization for whom you are performing operations when you and such person or organization have agreed in a written contract that such person or organization be added as an additional insured on your policy; and

    **2.**     Any other person or organization you are required to add as an additional insured under the contract described in Paragraph 1. above.

Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by:

    **a.**     Your acts or omissions; or

    **b.**     The acts or omissions of those acting on your behalf;

in the performance of:

**a.** your ongoing operations for the additional insured; or

**b.** "Your work" for the additional insured and included in the "products – completed operations hazard" but only if:

**(1)** A written contract requires you to provide such coverage to such additional insured; and

**(2)** The coverage form to which this endorsement is attached provides coverage for "bodily injury" or "property damage" included within the "products-completed operations hazard."

\* \* \* \* \*

D. The following is added to the **Other Insurance** Condition and supersedes any provision to the contrary:

**Primary and Noncontributory Insurance**

This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:

**(1)** The additional insured is a Named Insured under such other insurance; and

**(2)** You have agreed in writing in a contract that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

### TENDERS OF DEFENSE

26. UE on behalf of Drake tendered Drake's defense and indemnity for the underlying lawsuit to its other insurers, United Fire and EMC.

17

27.     United Fire by letter dated April 25, 2019 disclaimed coverage for Drake. A true and correct copy of the April 25, 2019 letter is attached hereto, made a part hereof and is marked as Pleading Exhibit L.

28.     By letter dated April 25, 2019, EMC disclaimed coverage for Drake. A true and correct copy of the April 25, 2019 disclaimer letter is attached hereto, made a part hereof and is marked as Pleading Exhibit M.

## UE'S DEFENSE OF DRAKE

29.     UE has been defending Drake for the suit filed by Adam Green in the District Court of Polk County, Iowa.

30.     UE has been paying for Drake's defense, including attorney's fees and costs, in the underlying action. The cost of defense of Drake, all paid by UE, exceeds $75,000, and will continue to be substantial going forward.

## COUNT I
### (DECLARATORY JUDGMENT RE: DUTY TO DEFEND – UNITED FIRE)

31.     UE adopts and repeats the allegations of ¶¶ 1 through 4, ¶¶ 6 through 9, ¶¶ 11 through 23, ¶ 26, ¶ 27, ¶ 29 and ¶ 30 as and for ¶ 31 hereof as through the same were fully set forth herein.

32.     UE contends that the allegations of the Petition in the underlying action raise the potential for or possibility of coverage and, as a result, United Fire has a duty to defend Drake for the underlying lawsuit.

33.     UE further contends that United Fire has a duty to defend the mutual insured, Drake, for the underlying Petition for any one or more or all of the following reasons:

    (a)     Drake is an additional insured under the United Fire policy issued to C. Green.

    (b)     Drake is an additional insured under the United Fire policy additional insured endorsement as "any other * * * organization you [C. Green] are required to add as an additional insured under the contract or agreement described in Paragraph 1. above."

    (c)     United Fire agreed in its Primary and Noncontributory Other Insurance Condition endorsement that it is primary to and will not seek contribution from any other insurance available to an additional insured, such as Drake, and Drake has satisfied the conditions stated, namely:

        (1)     Drake is a named insured on a policy with UE.

        (2)     C. Green agreed in writing to provide primary and noncontributory insurance for an additional insured.

        (3)     Notice has been provided to United Fire.

        (4)     Drake complied with the United Fire policy conditions.

        (5)     Drake through UE tendered to other insurers.

        (6)     Drake through UE agrees to make any other insurance available to United Fire for a loss United Fire has under its policy.

34.    UE contends that by denying UE's tender on behalf of Drake, United Fire breached its duty to defend Drake resulting in UE having to continue to defend Drake on a 100% basis.

35.    The above contentions of UE are, on information belief, denied by United Fire which, in turn, contends that it has no duty or obligation to defend Drake for the underlying action filed against Drake. UE, in turn, denies the contrary contentions of United Fire and each of them.

36.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and conditions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of the parties and to give such other and further relief as may be necessary to enforce the same.

### COUNT II
### (EQUITABLE CONTRIBUTION – UNITED FIRE)

37.     UE in the alternative adopts and repeats the allegations of ¶¶ 31 through 35 as and for ¶ 37 hereof as through the same were fully set forth herein.

38.     UE contends that had United Fire not wrongfully failed to recognize that Drake was an insured under the policy issued to C. Green, it would have sought direction from its insured Drake as to whether Drake wanted the involvement or assistance of United Fire for the lawsuit filed by the underlying plaintiff.

39.     UE contends that it is entitled to recover from United Fire all of those defense costs which would have been paid by United Fire had United Fire acknowledged that its policy was triggered by its knowledge of the suit against its insured Drake, and that pursuant to the doctrine of equitable contribution as UE paid for the entire defense of Drake, United Fire is also liable for the same expense.

40.     The above contentions of UE are, on information and belief, denied by United Fire which, in turn, contends that it owes nothing to UE for the past defense of

Drake in the underlying action filed against Drake. UE, in turn, denies the contrary contentions of United Fire and each of them.

41.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and conditions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of the parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT III
### (DECLARATORY JUDGMENT RE: UNITED FIRE UMBRELLA POLICY)

42.     UE adopts and repeats the allegations of ¶¶ 31 through 35 as and for ¶ 42 hereof as through the same were fully set forth herein.

43.     UE contends that Drake is an "insured" under the United Fire umbrella policy and that the UE policies are each excess to the United Fire umbrella policy for the following reasons:

    (a)    C. Green agreed to provide umbrella coverage to Drake as an additional insured.

    (b)    The United Fire umbrella policy issued to C. Green defines an "insured" to include any insured under the United Fire primary policy.

    (c)    The United Fire umbrella policy, by endorsement, provides that United Fire cannot seek contribution from any other insurance issued to Drake as an additional insured.

44.     The above contentions of UE are, on information and belief, denied by United Fire which, in turn, contends that its umbrella policy does not apply to Drake. UE, in turn, denies the contrary contentions of United Fire in each of them.

45.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and conditions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of the parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT IV
### (DECLARATORY JUDGMENT RE: DUTY TO DEFEND -- EMC)

46.     UE adopts and repeats the allegations of ¶¶ 1 through 3, ¶¶ 5 through 8, ¶¶ 10 through 22, ¶ 25, ¶ 26 and ¶¶ 28 through 30 as and for ¶ 46 hereof as through the same were fully set forth herein.

47.     UE contends that the allegations of the Petition in the underlying action raise the potential for or possibility of coverage and, as a result, EMC has a duty to defend Drake for the underlying lawsuit.

48.     UE further contends that EMC has a duty to defend the mutual insured, Drake, for the underlying Petition for any one or more or all of the following reasons:

    (a)     Drake is an additional insured under the EMC policy issued to Waldinger.

(b)     Drake is an additional insured under the EMC policy on a primary and noncontributory basis.

(c)     EMC pursuant to its policy's additional insured endorsement cannot seek contribution from UE.

49.     UE contends that by denying UE's tender on behalf of Drake, EMC breached its duty to defend Drake resulting in UE having to continue to defend Drake on a 100% basis.

50.     The above contentions of UE are, on information belief, denied by EMC which, in turn, contends that it has no duty or obligation to defend Drake for the underlying action filed against Drake. UE, in turn, denies the contrary contentions of EMC and each of them.

51.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and conditions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of the parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT V
### (EQUITABLE CONTRIBUTION – EMC)

52.     UE in the alternative adopts and repeats the allegations of ¶¶ 46 through 50 as and for ¶ 52 hereof as through the same were fully set forth herein.

23

53.     UE contends that had EMC not wrongfully failed to recognize that Drake was an insured under the policy issued to Waldinger, it would have sought direction from its insured Drake as to whether Drake wanted the involvement or assistance of EMC for the lawsuit filed by the underlying plaintiff.

54.     UE contends that it is entitled to recover from EMC all of those defense costs which would have been paid by EMC had EMC acknowledged that its policy was triggered by its knowledge of the suit against its insured Drake, and that pursuant to the doctrine of equitable contribution as UE paid for the entire defense of Drake, EMC is also liable for the same expense.

55.     The above contentions of UE are, on information and belief, denied by EMC which, in turn, contends that it owes nothing to UE for the past defense of Drake in the underlying action filed against Drake. UE, in turn, denies the contrary contentions of EMC and each of them.

56.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and conditions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of the parties and to give such other and further relief as may be necessary to enforce the same.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, United Educators Insurance, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A.   That United Fire & Casualty Company has a duty to defend Drake University in Cause No. LACL 140171 brought in the Iowa District Court for Polk County, Iowa.

B.   That United Fire & Casualty Company's policy provides primary and noncontributory coverage for Drake University for the action brought by Adam Green in the Iowa District Court for Polk County, Iowa.

C.   That the Court grant United Educators Insurance such other and further relief as the Court deem fit and just under the circumstances.

D.   That United Educators Insurance be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT II:

A.   That United Fire & Casualty Company has a duty to defend Drake University in Cause No. LACL 140171 brought in the Iowa District Court for Polk County, Iowa.

B.   That United Fire & Casualty Company must reimburse United Educators for Drake University's defense costs paid by United

Educators which should have been paid by United Fire & Casualty Company.

C.     That the Court grant United Educators Insurance such other and further relief as the Court deem fit and just under the circumstances.

D.     That United Educators Insurance be awarded and have a recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT III:

A.      That Drake University is an insured on the United Fire & Casualty Company umbrella policy.

B.     That United Fire & Casualty Company's umbrella policy applies as excess to United Educators' policies of insurance.

C.     That the Court grant United Educators Insurance such other and further relief as the Court deem fit and just under the circumstances.

D.     That United Educators Insurance be awarded and have a recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT IV:

A.     That Employers Mutual Casualty Company has a duty to defend Drake University in Cause No. LACL 140171 brought in the Iowa District Court for Polk County, Iowa.

B.      That Employers Mutual Casualty Company's policy provides primary and noncontributory coverage for Drake University for the action brought by Adam Green in the Iowa District Court for Polk County, Iowa.

C.      That the Court grant United Educators Insurance such other and further relief as the Court deem fit and just under the circumstances.

D.      That United Educators Insurance be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT V:

A.      That Employers Mutual Casualty Company has a duty to defend Drake University in Cause No. LACL 140171 brought in the Iowa District Court for Polk County, Iowa.

B.      That Employers Mutual Casualty Company must reimburse United Educators for Drake University's defense costs paid by United Educators which should have been paid by Employers Mutual Casualty Company.

C.      That the Court grant United Educators Insurance such other and further relief as the Court deem fit and just under the circumstances.

D.      That United Educators Insurance be awarded and have a recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

s/ Robert Marc Chemers

Robert Marc Chemers
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Telephone:   (312) 578-7548
Fax:             (312) 346-8242
E-Mail: rchemers@pretzelstouffer.com
*Attorney for Plaintiff*
*United Educators Insurance*

And

William J. Bush
Bush, Motto, Creen, Koury & Halligan, P.L.C.
5505 Victoria Avenue
Suite 100
Davenport, Iowa 52807
Telephone:  (563) 344-4900
Email:  wjbushlaw@yahoo.com
***Attorneys for Plaintiff***